PATRICK R. DELAHUNTY (SBN 257439)
pdelahunty@delawllp.com
WILLIAM J. EDELMAN (SBN 285177)
wedelman@delawllp.com
DELAHUNTY & EDELMAN LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:    415-891-6210
Facsimile:     415-891-6256

John F. Rabena (*Pro Hac Vice Pending*)
jrabena@sughrue.com
William H. Mandir (*Pro Hac Vice Pending*)
wmandir@sughrue.com
Derek C. True (*Pro Hac Vice Pending*)
dtrue@sughrue.com

SUGHRUE MION PLLC
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 293-7060
Facsimile: (202) 293-7860

Attorneys for:
*Element Capital Commercial Co. PTE. Ltd*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| *IN RE* SUBPOENAS TO APPLE, INC.<br><br>Served in case:<br><br>*Element Capital Commercial Company PTE. Ltd v. BOE Technology Group Co., Ltd.*, Case No. 2:22-cv-00118-JRG (E.D. Tex.) | Misc. Case Number: 23-mc-80325<br><br>**ELEMENT CAPITAL COMMERCIAL CO. PTD. LTD'S NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH THIRD-PARTY SUBPOENAS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on as soon as counsel may be heard before the assigned judge at the assigned time in the assigned department, Plaintiff in the underlying patent litigation action in *Element Capital Commercial Company PTE. LTD v. BOE Technology Group Co., Ltd.,* Case No. 2:22-cv-00118-JRG (E.D. Tex.), by and through its attorney, William J. Edelman, will and hereby does move this Court for an Order under Federal Rules of Civil Procedure ("Rule") 37 and 45 to enforce subpoenas served on non-party Apple, Inc. ("Apple"). Plaintiff ("Element") files this motion in this Court because Apple is headquartered within the District and enforcing compliance in this District is appropriate under Rules 37 and 45. Enforcement is appropriate because the subpoenas seek a key document and related foundational facts that are highly relevant to Element's claims and proportional to the needs of the case. This motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the accompanying Declaration of Derek C. True, and the exhibits attached thereto, and such other written or oral argument as may be presented.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Rules 37 and 45, Element respectfully requests an order requiring Apple to comply with the subpoenas served on it in the underlying litigation, Case No. 2:22-cv-00118-JRG, pending in Eastern District of Texas.

Dated: December 11, 2023

Respectfully submitted,

DELAHUNTY & EDELMAN LLP

By: _____*/s/ William J. Edelman*_____
PATRICK R. DELAHUNTY, SBN 257439
pdelahunty@delawllp.com
WILLIAM J. EDELMAN, SBN 285177
wedelman@delawllp.com

Attorneys for ELEMENT CAPITAL
COMMERCIAL COMPANY PTE. LTD

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**STATEMENT OF ISSUE TO BE DECIDED**

Whether this Court should enforce Plaintiff Element Capital Commercial Company PTE. Ltd's (hereinafter, "Element")'s subpoena to non-party Apple Inc. (hereinafter, "Apple"), which seeks limited and specific information about a Patent License Agreement that is critical to Element's damages case in the underlying lawsuit, Case No. 2:22-cv-00118-JRG, pending in Eastern District of Texas (the "Lawsuit").

**RELEVANT BACKGROUND FACTS**

This motion arises out of a federal lawsuit pending in the Eastern District of Texas. *See* Second Amended Complaint, attached hereto as Exhibit "A". Element is the Plaintiff in the underlying lawsuit. The Defendants are BOE Technology Group Co., Ltd. ("BOE Technology"), Beijing BOE Display Technology Co., Ltd. ("BOE Display") (collectively, "BOE"), and Motorola (Wuhan) Mobility Technologies Communication Co., Ltd. ("Motorola") (collectively, the "Defendants").

Element has asserted infringement of three patents by the Defendants in the Lawsuit (the "Asserted Patents"). When Element purchased the Asserted Patents, the seller represented to Element that Apple had been granted a license to them; if that is true, that license is highly relevant to the damages analysis in Element's litigation. *See* Declaration of Derek C. True ("True Dec."), attached hereto as Exhibit "B", ¶¶ 2-7).

In order to prove its damages case, Element subpoenaed non-party Apple to obtain a copy of a Patent License Agreement that includes the Asserted Patents but that is not in Element's possession. *Id*. Element purchased the rights to the Asserted Patents, among others (collectively, the "Patents"), from a Japanese company, EL Technology Fusion Corporation ("EL Technology"); EL Technology is a subsidiary of the original owner of the Patents, Seiko Epson Corporation ("Seiko Epson"). *Id*. The Patent Transfer Agreement indicated that the Patents were licensed to Apple; however, EL Technology did not provide a copy of this agreement to Element. *Id*; True Dec., Ex. 2. BOE's Defense Counsel in the Lawsuit also subpoenaed Seiko Epson's United States subsidiary, Epson America, Inc. ("Epson America") for a copy of the

License Agreement; however, Epson America failed to respond to the subpoena. *Id*. at ¶ 6, Ex. 3. Because EL Technology and Seiko Epson are both foreign Japanese corporations, Element is unable to obtain a copy of the License agreement from them via an enforceable subpoena. *Id*. at ¶¶ 2-7.

Given the foregoing, Element subpoenaed Apple to obtain a copy of the License Agreement. *See* Apple Subpoenas, attached as Exhibit 1 to the True Dec.

On November 8, 2023, Apple served on Element its response to the Subpoenas in which it recited various objections and further indicated that Apple was unable to locate the License Agreement. *See* Apple's Subpoena Response, attached as Exhibit 4 to the True Dec.

On November 10, 2023, Element's counsel, Derek C. True and John F. Rabena had a videoconference with Apple's counsel, Hannah Cannom. *Id*. at ¶ 9. After Element's counsel provided clarifying information about the License Agreement, Ms. Cannom indicated that Apple would re-open its search. *Id*.

On November 16, 2023, Element's counsel, Derek C. True emailed Ms. Cannom requesting a status update, and Ms. Cannom indicated that Apple would unlikely be able to locate the License Agreement until after an office-wide shutdown for the Thanksgiving holiday. *Id*. at ¶ 10, Ex. 5.

On November 30, 2023, in response to Element's inquiries, Ms. Cannom indicated that she was aware of the (then) discovery deadline of December 1, 2023, and that Apple was still trying to locate a copy of the agreement. *Id*. at ¶ 11, Ex. 5.

On December 5, 2023, in response to Element's inquiries, Ms. Cannom responded by email stating that Apple and her legal team "[had] not located responsive documents and are not withholding any documents here. I will let you know if that changes." *Id*. at ¶ 12, Ex. 5.

On December 7, 2023, Element informed Ms. Cannom that in light of the delays and repeated non-substantive responses, as well as Element's new pending discovery deadline of December 15, 2023, Element would have to file this motion to compel production. *Id*. at ¶ 13, Ex. 5.

No further correspondence was received from Apple's counsel. *Id*. at ¶ 14, Ex. 5.

1

**LEGAL STANDARD**

2      "[T]he federal discovery rules reflect a broad and liberal approach to achieving the goal

3   of informing parties in civil cases of all material facts prior to trial." *In re Google Litig.*, No. C

4   08-03172RMW (PSG), 2011 U.S. Dist. LEXIS 9924, at *17 (N.D. Cal. Jan. 27, 2011). Thus, a

5   "party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or

6   defense and proportional to the needs of the case." *O'Shea v. Am. Solar Solution, Inc.*, No.

7   14cv894-L (RBB), 2016 U.S. Dist. LEXIS 23420, at *4 (S.D. Cal. Feb. 18, 2016) (citing Fed. R.

8   Civ. P. 26(b)(1)). "Relevance is construed broadly to include any matter that bears on, or

9   reasonably could lead to other matters that could bear on, any issues that may be in the case." *Id.*

10  At *4 (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)).

11     In view of these liberal standards, "'[t]he party who resists discovery has the burden to

12  show discovery should not be allowed, and has the burden of clarifying, explaining, and

13  supporting its objections.'" *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR

14  (JSC), 2015 U.S. Dist. LEXIS 155433, at *5 (N.D. Cal. Nov 16, 2015) (quoting *Keith H. v. Long*

15  *Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005)). This obligation extends

16  equally to parties and non-parties. *See* Fed. R. Civ. P. 34(c) ("[A] non-party may be compelled to

17  produce documents[.]"); *see also Campo v. Am. Corrective Counseling Servs.*, No. C 01-21151

18  JW (PVT), 2010 U.S. Dist. LEXIS 104848, at *7-8 (N.D. Cal. Sept. 20, 2010) ("The scope of

19  discovery through subpoena is the same as that applicable to Rule 34 and the other discovery

20  rules.") (quoting Advisory Committee Notes (1970)).

21     Nevertheless, because of the inherent difficulty in assessing the needs of a case not

22  pending before it, a court "whose only connection with a case is supervision of discovery

23  ancillary to an action in another district should be especially hesitant to pass judgment on what

24  constitutes relevant evidence thereunder." *Id.* At *8 (citation omitted). Accordingly, "[w]here

25  relevance is in doubt . . . [a] court should be permissive." *Id.* (citation omitted).

26     Here, the discovery sought is confined to a single matter: a specific Patent License

27  Agreement between Apple and Seiko Epson. As explained below, such discovery is neither

28

overly broad nor burdensome, but it is highly relevant and proportional to the needs of Element's damages case in the Lawsuit.

## ARGUMENT

Despite Apple having ample time (nearly two months) to locate and provide information relating to a single document, it has failed to take the initiative to do so. This request certainly does not impose an undue burden upon Apple, and Apple has no reasonable justification for its delay. "When evaluating whether the burden of subpoena compliance is 'undue,' the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11cv01271 LJO DLB, 2012 U.S. Dist. LEXIS 122358, at *7 (E.D. Cal. Aug. 27, 2012) (citation omitted). Because "[q]uashing subpoenas goes against courts' general preference for a broad scope of discovery," such relief is only "appropriate when the burden of providing the documents outweighs the need for [them]." *Id*. at *6-7.

The Subpoenas merely request a single license agreement and foundational information thereof. The objective of such discovery is to obtain evidence to support Element's damages case against the Defendants in the underlying Lawsuit. This information is not only relevant, but it is critical to a reasonable royalty analysis regarding the Asserted Patents. The seminal case for determining patent damages lists as the number one factor, the royalties received by the patentee for the licensing of the patents in suit. *See Georgia-Pacific v. U.S. Plywood Corp*. 315 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *see also Fall Line Pats., LLC v. Zoe's Kitchen, Inc.*, 2023 U.S. Dist. LEXIS 202988, *30 (E.D. Tex. Jun. 29, 2023) ("Courts generally consider the *Georgia-Pacific* factors to determine the reasonable royalty that would result from a hypothetical negotiation.") (citing *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) (citing *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970)). The License agreement will help facilitate the determination of reasonable royalties in the Lawsuit by providing direct evidence as to "the amount that a willing licensee would have paid for the patent

license but also of the amount that a willing licensor would have accepted." *Georgia-Pacific Corp.*, 318 F.Supp. at 1121.

Lastly, the requests are narrowly tailored—Element has merely requested information involving a single license agreement. The Subpoenas therefore do not impose an undue burden on Apple.

## CONCLUSION

For the foregoing reasons, Element respectfully requests that the Court grant this Motion in its entirety and enter an Order requiring Apple to promptly comply with Element's October 24, 2023 document and deposition subpoena.

Dated: December 11, 2023

Respectfully submitted,

DELAHUNTY & EDELMAN LLP

By: _____*/s/ William J. Edelman*_____
PATRICK R. DELAHUNTY, SBN 257439
pdelahunty@delawllp.com
WILLIAM J. EDELMAN, SBN 285177
wedelman@delawllp.com

Attorneys for ELEMENT CAPITAL
COMMERCIAL COMPANY PTE. LTD

ELEMENT CAPITAL COMMERCIAL CO. PTD. LTD'S NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH THIRD-PARTY SUBPOENAS
CASE NO. 23-MC-80325

5